UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAMES C. PRYOR, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:23-cv-00195-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| J. GREEN, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

*Pro se* Plaintiff James C. Pryor is proceeding on civil rights claims against Defendants Jordan Green and Dustin Laxon.  The United States Attorney's Office for the Eastern District of Kentucky, however, entered an appearance on behalf of the Defendants and responded to Pryor's complaint by filing a Motion to Dismiss or, in the alternative, for Summary Judgment.  [R. 22].  Pryor then filed a Response in opposition to the Defendants' Motion [R. 24], and the Defendants filed a Reply.  [R. 26.]  The Court will grant the Defendants' motion to the extent it requests dismissal of Pryor's complaint without prejudice for failure to exhaust his administrative remedies.

The law provides for a multi-tiered administrative grievance process within the Federal Bureau of Prisons ("BOP").  If a matter cannot be resolved informally via a BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond.  If a prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel in Washington, D.C., who has 40 days to respond.  *See* 28 C.F.R. §§ 542.14,

542.15, and 542.18.  Once the prisoner has fully completed all these steps, he may then file an action in federal court.

Here, the Defendants have established that Pryor has not yet fully completed the BOP's administrative grievance process regarding the alleged events in question—*i.e.*, the excessive use of force and related events that allegedly occurred at the United States Penitentiary—McCreary. [*See* R. 1 at 4-5].  Indeed, the U.S. Attorney's Office has submitted evidence on behalf of the Defendants which establishes that, to date, Pryor has only filed two administrative remedies during his incarceration.  Both of them appealed separate disciplinary determinations that are unrelated to the matter at hand.  [*See* R. 22-2 at 2; R. 22-5 at 1-2].  In other words, Pryor "has not filed any administrative remedies regarding assault or excessive use of force."  [R. 22-2 at 2.] And while Pryor filed a Response in opposition to the Defendants' motion, his arguments are difficult to follow and do not, in any clear way, undermine the evidence submitted by the U.S. Attorney's Office vis-à-vis the exhaustion issue.

Accordingly, it is **ORDERED** that:

1. The Defendants' dispositive Motion at **[R. 22]** is **GRANTED** to the extent that Pryor's remaining claims are **DISMISSED** without prejudice because he failed to fully exhaust his administrative remedies regarding the events in question.
2. This action is **STRICKEN** from the docket.
3. The Court will enter a corresponding Judgment.

This the 3d day of October, 2024.

2

Gregory F. Van Tatenhove
United States District Judge